## 16081.   SAVAGE v. SOUTHERN RAILWAY CO.

BLOODWORTH, J.   The petition as amended did not set out a cause of action, and the demurrer thereto was properly sustained.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 3, 1925.

Action for damages; from city court of Hall county—Judge Sloan.   November 19, 1924.

Application for certiorari was denied by the Supreme Court.

The petition as amended alleged: that while the plaintiff was in the employ of the defendant railway company as assistant extra gang foreman and in the performance of his duties as such, engaged in repairing the company's main track and roadbed, then in use in

the transportation of interstate commerce, and was in a lever-car of the defendant and in his usual place in the car, with three laborers, on the way to obtain material for repairing the track at a described place, the car, which was then running at a speed of ten or twelve miles an hour, encountered a rock in the track, which threw the car upward, landing it forward where it struck another rock, causing the car to derail, and he was thrown from the car with great violence and injured in a manner described. It was alleged that the defendant was negligent in not providing him with a safe place and with safe instrumentalities to work; that the defendant's negligence arose by allowing the rock which the car struck to remain in the track, the rock being of such size as to derail the car when struck by it; that the defendant was negligent in not inspecting the track to ascertain whether such rock would endanger the safety of its employees; and that "the same was negligence in that its track and roadbed, by allowing this rock to remain, constituted an unsafe place to work." It was alleged that the plaintiff was free from fault; that he had every reason to believe, from constantly crossing over the track, that the track would be safe, and he was under no duty to look for an obstruction thereon; that "before the same could have been visible to him it was his duty to maintain a lookout for other trains, and he was engaged at the time in examining his timepiece in order to determine the arrival of a train, so as to clear the track, for the benefit of the employees in the car; therefore he was free from fault and could not, by the exercise of ordinary care and diligence, ascertain that the roadbed and track was in an unsafe condition;" that "it was not his duty to patrol the main track upon which he was injured, to ascertain its safe condition;" that he was a member of an extra gang, and his duties as such called upon him to travel over the main track, but not to keep it free from obstructions, but it was the duty of the defendant, through other employees, to maintain the roadbed free from obstructions. The petition stated that the plaintiff's cause of action was based on the act of Congress approved April 22, 1908, and amendments thereto, known as the Federal employer's liability act. To the petition as amended the defendant demurred generally and specially, and the court sustained the demurrer and dismissed the petition.

*C. N. Davie, C. S. Reid, E. D. Kenyon,* for plaintiff.

*J. Q. Adams, Ed. Quillian, Charters & Wheeler,* for defendant.